UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Robert Zanni,

    Plaintiff,

vs.

Penncro Associates, Inc., and
John Doe, alias,

    Defendants.

CA09-570ML

## Complaint

### Introduction

1. The Plaintiff brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect a debt from him in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

4. This Court has supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone and mail, in this District.

## Parties

6. Plaintiff Robert Zanni is an adult resident of the County of Providence, State of Rhode Island.

7. The Defendant Penncro Associates, Inc. (Penncro) is a foreign corporation, registered with the Rhode Island Secretary of State to, and doing, business in Rhode Island.

8. The Defendant John Doe, alias, is an employee or agent of Penncro whose true identity is unknown to the Plaintiff but known, or knowable, to Penncro.

## Facts Common To All Counts

9. At all times relevant to this Complaint, Penncro was engaged in the business of regularly collecting debts, originally owed to third parties, using the mail and telephones to communicate with residents of Rhode Island.

10. At all times relevant to this Complaint, John Doe, alias, was engaged in the business of regularly collecting debts, originally owed to third parties, using the mail and/or telephone to communicate with residents of Rhode Island.

11. At all times relevant to this Complaint, Penncro was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

12. At all times relevant to this Complaint, John Doe, alias, was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

13. Within the past year, Penncro placed phone call to, engaged in telephone conversations with, and sent at least one letter to, the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

14. Within the past year John Doe, alias, placed phone calls to and engaged in telephone conversations with the Plaintiff, and/or sent the Plaintiff a letter, while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

15. The alleged debt arose from purchases of goods or services primarily for personal, family or household purposes. Hereinafter the alleged debt shall be referred to simply as the Debt.

16. On May 17, 2009, the Plaintiff filed a petition under Chapter 7 of the U.S. Bankruptcy Code.

17. The Plaintiff listed the Debt on his petition and the Court sent a Notice to the creditor, Bank of America.

18. In August 2009, the Debt was discharged by the Bankruptcy Court.

19. On July 3, 2009, Penncro left a message for the Plaintiff on his mother's answering machine.

20. The Plaintiff returned the call, spoke with a Penncro agent, and told Penncro a) that they had called his mother's number and not his and b) that he had included the Debt on the bankruptcy petition he filed.

21. Penncro asked for, and the Plaintiff provided, his personal phone number.

22. Penncro told him it would note the bankruptcy on his file and it would cease its collection efforts.

23. On July 6, 2009, Penncro, acting through its agent Defendant John Doe, alias, called the Plaintiff's mother.

24. The Plaintiff responded to the call, spoke with Penncro, and restated what he told Penncro on July 3rd.

25. Penncro asked the Plaintiff for the name and contact information for his bankruptcy attorney and the Plaintiff provided it to Penncro.

26. On July 9, 2009, the Plaintiff received a letter Penncro, possibly acting through its agent Defendant John Doe, alias, sent him attempting to collect the Debt.

27. The Plaintiff called Penncro and restated what he had told them on July 3rd and July 6th.

### Count 1 – Federal FDCPA – Unfair Practice

28. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

29. The Defendants engaged in unfair practices while attempting to collect the Debt from the Plaintiff.

30. The Defendants did the following which the Plaintiff asserts constituted unfair practices:

   a. Attempted to collect the Debt in violation of the automatic stay imposed by the Bankruptcy Code;
   b. Attempted to collect the Debt knowing such action was prohibited by the automatic stay imposed by the Bankruptcy Code;

   c. Called the Plaintiff's mother, a third party, while having the Plaintiff's phone number; and
   d. Attempted to collect the Debt directly from the Plaintiff while knowing he was represented by an attorney.

31. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(f).

32. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 2 – Federal FDCPA – Harassment or Abuse

33. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

34. The Defendants engaged in harassing and/or abusive conduct while attempting to collect the Debt from the Plaintiff.

35. The Defendants did the following which the Plaintiff asserts constituted harassing and/or abusive conduct:

   a. Attempted to collect the Debt in violation of the automatic stay imposed by the Bankruptcy Code;
   b. Attempted to collect the Debt knowing such action was prohibited by the automatic stay imposed by the Bankruptcy Code;
   c. Called the Plaintiff's mother, a third party, while having the Plaintiff's phone number; and
   d. Attempted to collect the Debt directly from the Plaintiff while knowing he was represented by an attorney.

36. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(d).

37. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28

USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 3 – Federal FDCPA – Improper Communication - With Third Party

38. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

39. The Defendants improperly communicated with someone other than the Plaintiff and/or the Plaintiff's spouse while attempting to collect the Debt from the Plaintiff.

40. The Defendants did the following which the Plaintiff asserts constituted improper communication with third parties:

    a. Called the Plaintiff's mother, a third party, a second time while having the Plaintiff's phone number and location information.

41. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(b)(3) and 28 USC 1692(c)(b).

42. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 4 – Federal FDCPA – Improper Communication –Bypassing Attorney

43. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

44. The Defendants improperly communicated with the Plaintiff while attempting to collect the Debt from him.

45. The Defendants did the following which the Plaintiff asserts constituted improper communication with him:

    a. Communicated with him knowing he was represented by an attorney and having that attorney's contact information.

46. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(b)(6).

47. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 5 – Federal FDCPA – Improper Communication – With Debtor

48. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

49. The Defendants improperly communicated with the Plaintiffs while attempting to collect the Debt from him.

50. The Defendants did the following which the Plaintiff asserts constituted improper communication with him:

    a. Communicated with him at a place it knew was inconvenient to him, specifically at his mother's phone number; and
    b. Communicated with him knowing he had an attorney and while having the attorney's contact information.

51. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(c)(a)(1) and (2).

52. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 4 – State – Deceptive Trade Practice

53. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

Case 1:09-cv-00570-ML-LDA   Document 1   Filed 11/25/09   Page 7 of 7 PageID #: 7

54. John Doe, alias, placed a call, or calls, to the Plaintiff, and/or sent him a letter, while acting within the scope of his employment with Penncro and in furtherance of Penncro's business interests.

55. Penncro did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way John Doe, alias, behaved towards the Plaintiff.

56. Penncro's conduct, and the conduct of its agents, as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

57. Penncro's conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

58. Penncro's conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

59. As a result of Penncro's conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against each Defendant for 1) actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

The Plaintiff,
By Counsel,

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@jtllegal.com

## Jury Demand

The Plaintiff demands a trial by jury on each and every count.

John T. Longo, Esq./#4928

My File #: FD **FD 3024**